# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01350-SCT

*GRANGE MUTUAL CASUALTY COMPANY*

*v.*

*UNITED STATES FIDELITY & GUARANTY COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 7/9/2002 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STEVEN D. SLADE |
| ATTORNEYS FOR APPELLEE: | JAN F. GADOW |
| | JAMES HOWARD THIGPEN |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 09/04/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., WALLER AND CARLSON, JJ.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Grange Mutual Casualty Company (Grange) appeals from a Hinds County Circuit Court order granting United States Fidelity & Guaranty Company ("USF&G") summary judgment and requiring Grange to pay USF&G contribution in the amount of $40,909.   We find the trial judge correctly applied our case law in awarding summary judgment to USF&G. Accordingly, we affirm the trial court.

## FACTS

¶2.     Chrisann Coker ("Chrisann") was involved in an accident while driving the vehicle of a friend.  Two small children ran into the path of the vehicle; one was killed, and the other

was injured. The vehicle was insured under a Farm Bureau liability policy with limits of $10,000 per person and $20,000 per accident. Chrisann was also insured, along with her mother and grandmother, under a policy from USF&G with a limit of $300,000 per person. A third relevant policy was issued by Grange in the names of John and Kathy Coker ("John" and "Cathy"), Chrisann's father and stepmother. The limit of this policy is $250,000 per person. Each policy has a clause in which the insurer agrees to provide liability coverage only in excess of any other collectible insurance as to a vehicle not owned by the insured. Chrisann was 19 years old, i.e. a minor, at the time of the accident.

¶3. USF&G was notified of the accident on October 31, 1994. On May 18, 1995, the parents of the deceased child filed suit in Leflore County, Mississippi, seeking $1,000,000 in damages. Less than a week later, USF&G sent a letter to Chrisann's grandmother telling her that coverage on vehicles owned by Chrisann's parents could apply to the subject claims. Chrisann's grandmother forwarded this letter to Chrisann's father, John; he received the letter on May 30, 1995. The next day, John faxed the letter to his agent with Grange. On or about June 3, 1995, Grange retained attorney Charles Sevier ("Sevier") to protect its interests and those of Chrisann. USF&G offered the plaintiffs $100,000 to settle their claims on June 5, 1995; the plaintiffs refused. On June 27, 1995, USF&G reached a tentative settlement agreement for $100,000, pending chancery court approval. On July 10, 1995, USF&G received a letter from John and Cathy advising them that Grange was the Cokers' insurance carrier. A week later, USF&G spoke with Grange's claims attorney and informed him that a tentative settlement had been reached. Over the next several months, Grange and USF&G debated as to whether or not Grange was responsible for providing any liability

2

coverage to Chrisann under its policy and whether it was responsible for contributing towards the settlement reached with the plaintiffs. On September 21, 1995, Grange's claims attorney wrote to USF&G saying "[i]f, after due consideration, this office reaches a conclusion that Chrisann Coker is an insured under her parents' policy, we have absolutely no objection to reimbursing USF&G our appropriate share of the settlement[.]" On October 20, 1995, the Chancery Court of Leflore County approved the settlement. On December 13, 1995, Grange sent USF&G a letter acknowledging that Chrisann Coker's principal residence on the date of the loss was with John and Cathy Coker. As such, she would qualify as an insured under that policy. However, on January 2, 1996, Grange voided a draft issued to USF&G and refused to contribute towards the settlement. USF&G filed this suit to force Grange to contribute to the settlement and was granted summary judgment. Aggrieved, Grange appeals to this Court.

## STANDARD OF REVIEW

¶4.     This Court's standard of review regarding motions for summary judgment is well established. We review summary judgments de novo. *Hardy v. Brock*, 826 So. 2d 71, 74 (Miss. 2002) (citing *Heirs and Wrongful Death Beneficiaries of Branning ex rel. Tucker v. Hinds Cmty. Coll. Dist.*, 743 So. 2d 311, 314 (Miss. 1999)). The facts are viewed in light most favorable to the nonmoving party. *Id.* (citing *Robinson v. Singing River Hosp. Sys.*, 732 So. 2d 204, 207 (Miss. 1999)). The existence of a genuine issue of material fact will preclude summary judgment. *Id*. The non-moving party may not rest upon allegations or denials in the pleadings but must set forth specific facts showing that there exists genuine

3

issues for trial. ***Id.*** (citing ***Richmond v. Benchmark Constr. Corp.***, 692 So. 2d 60, 61 (Miss. 1997)).

**ANALYSIS**

**I.      WHETHER THE TRIAL COURT ERRED IN APPLYING A DEFINITION FROM UNINSURED MOTORIST LAW TO LABEL DRIVER "INSURED."**

¶5.      Grange alleges the trial court erred by concluding Chrisann was covered under John and Cathy's insurance policy.  Unlike USF&G's policy where Chrisann is a named insured, only John and Cathy are named as insured in Grange's policy.  The policy also includes a clause insuring "any family member."  The policy defines a family member as a person related to the named insured by blood and whose principal residence at the time of the accident was the location listed on the policy's declaration page, i.e. the address of John and Cathy.  This Court has held, in evaluating coverage under an uninsured motorist policy, that "a child is a resident of both parents' households until he or she reaches the age of majority or becomes fully emancipated." ***Aetna Cas. & Sur. Co. v. Williams***, 623 So. 2d 1005, 1011 (Miss. 1993).  Prior Mississippi law held that a child was not necessarily a resident of a noncustodial parent's household. ***Goens v. Arinder***, 248 Miss. 806, 161 So. 2d 509, 516 (1964). ***Goens*** was disapproved of by ***Aetna*** and expressly overruled in ***Johnson v. Preferred Risk Auto. Ins. Co.***, 659 So. 2d 866, 875 (Miss. 1995).  Grange argues these cases should not apply because they both dealt with uninsured motorist coverage.  However, if ***Johnson*** was making a distinction between uninsured motorist coverage and liability coverage, there would have been no need to expressly overrule ***Goens***.  It is clear that the law

4

in this state is that an unemancipated minor is considered a household resident of both the custodial parent and the noncustodial parent for the purposes of automobile insurance.

¶6.     Alternatively, Grange's own statements indicate its belief that Chrisann is a resident of John and Cathy's household.  Grange's claim file stated that Chrisann was living at John and Cathy's, that she went "home to Dad's on vacations," that she moved back in with John and Cathy five months before the accident, and that there was "[n]o way we can really claim here residence was not there."  Additionally, in a December 13, 1995, letter to USF&G, Grange stated "it is now our belief that a court would find that Chrisann Coker's 'principal residence' on the date of loss was the residence on the declarations page of the policy issued to John and Cathy Coker ...  Grange Mutual Casualty acknowledges coverage for the aforementioned accident."  Grange's naked assertions that Chrisann's residence was at her mother's home are not supported by any facts in the record.  The nonmoving party may not rest on pleadings or allegations to defeat a motion for summary judgment but must put forth specific facts showing an issue of material fact exists.  Grange has put forth nothing but bare assertions that Chrisann's residence was with her mother and grandmother, while USF&G has produced the admissions of Grange's own claims attorney as evidence.  The trial court was correct in ruling Chrisann was a resident of John and Cathy's household under Grange's insurance policy.

**II.     WHETHER USF&G IS A "PRIMARY INSURER" IN RELATION TO GRANGE BECAUSE CHRISANN WAS NAMED IN ITS POLICY**.

5

¶7. Grange next argues that USF&G has a higher duty to pay any settlement, i.e. is a primary insurer in relation to Grange, because Chrisann is named in the USF&G policy while she falls under the "member of the household" clause in Grange's policy. Farm Bureau insured the vehicle involved in the accident; it is the primary insurer. However, the coverage under that policy was not sufficient to pay the claim. Both the USF&G policy and the Grange policy contain a clause stating that the policy will provide liability coverage to an insured on a pro rata basis only in excess over any other collectible insurance as to a vehicle not owned by the insured. If both of these policies were enforced, Chrisann would be without any coverage above Farm Bureau's limit of liability. Consequently, these two clauses are considered mutually repugnant and are ignored. *Allstate Ins. Co. v. Chicago Ins. Co.*, 676 So. 2d 271, 275 (Miss. 1996). In this situation, benefits under the two policies shall be pro rated according to the coverage limits of each policy. *Id*.

¶8. Grange asks this Court to hold that naming Chrisann as an insured in the policy heightens the duty USF&G owes and to put USF&G in a primary insurer position with respect to Grange. Grange offers no support for this position, and we do not adopt it. We hold that the same duty is owed to an unnamed party to a contract and a named party. As an insured pursuant to the terms of the Grange policy, Chrisann is entitled to the same coverage as her father as a named insured. This argument is without merit.

III. **WHETHER THE TRIAL COURT APPLIED AN IMPROPER LEGAL STANDARD IN GRANTING USF&G SUMMARY JUDGMENT**.

6

¶9.     Grange argues the trial court erred by improperly placing the burden of proof on it to disprove allegations made by USF&G that Chrisann was an insured.  We do not agree. Within its "Findings of Fact and Conclusions of Law," the trial court stated that Grange contends that because Coker (i.e. Chrisann) was a named insured under USF&G's policy, USF&G's policy should be primary.  However, Grange cites no authority to the Court in support of that proposition, and the Court is unaware of any authority which draws such a distinction or supports such a proposition.  To ask for authority to support challenging the law of this state stated in *Johnson* is not error.  As stated above, this Court has held that, for the purposes of evaluating automobile coverage, an unemancipated minor is a resident of both parents' households.  *Johnson*, 659 So. 2d at 879.  The trial court recognized the law of this state and pointed out that Grange had offered no authority contradicting that holding. USF&G met its burden on this point by showing Chrisann to be a resident of John and Cathy's household under Mississippi law.  This argument is wholly without merit.

**IV.     WHETHER THE TRIAL COURT IMPROPERLY REFUSED TO GRANT GRANGE SUMMARY JUDGMENT.**

¶10.    An incidental benefit to a third party is not sufficient legal ground to give him a right of action upon a contract.  *Burns v. Washington Sav.*, 251 Miss. 789, 796, 171 So. 2d 322, 324 (1965).  Grange points to *Burns* as support for its proposition that the trial court erred in not granting its motion for summary judgment.  However, as discussed above, this Court has held that where two "other insurance" clauses would cancel each other out and leave the insured without coverage, the clauses are considered mutually repugnant and are ignored. *Allstate Ins. Co.*, 676 So. 2d at 275.  In this situation, benefits under the two policies are pro

7

rated according to the coverage limits of each policy. *Id*. As such, the trial court correctly refused to grant Grange's motion for summary judgment.

## CONCLUSION

¶11.   The trial court correctly held Chrisann to be a resident of John and Cathy's household. The duties of Grange and USF&G under their policies were identical. The trial court used the proper legal standard in granting USF&G's motion for summary judgment and properly denied Grange's motion for summary judgment. The judgment of the trial court is affirmed.

¶12.   **AFFIRMED.**

**PITTMAN, C.J., McRAE, P.J., WALLER, COBB, EASLEY AND CARLSON, JJ., CONCUR.  GRAVES, J., CONCURS IN RESULT ONLY.  DIAZ, J., NOT PARTICIPATING.**