# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2009

Charles R. Fulbruge III
Clerk

No. 09-60328
Summary Calendar

ERIC PLUNKETT, Individually and as
Wrongful Death Beneficiary of Tory Lynn Plunkett, Deceased,
Hunter Dale Plunkett, Deceased, and Emma Grace Plunkett, Deceased,

Plaintiff-Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 1:07-CV-185

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Eric Plunkett unsuccessfully sought a declaration regarding who was an insured party under an insurance policy. We reverse and render judgment.

## I.

Plunkett was a guest passenger in an automobile, driven by his wife, that collided with a vehicle driven by Tyler Gray. Both drivers and Mrs. Plunkett's unborn twins were killed. Gray, son of William Gray and Debra Pruitt and stepson of Dillard Pruitt, was an unemancipated minor of whom Mrs. Pruitt and Mr. Gray had joint custody. State Farm Mutual Automobile Insurance Company ("State Farm") had issued an automobile insurance policy to Dillard Pruitt that covered relatives of the named insured and defined "relative" as someone "related to you or your spouse by blood, marriage, or adoption who resides primarily with you."

## II.

Plunkett brought a declaratory judgment action, with jurisdiction based on diversity of citizenship, seeking a declaration that Tyler Gray is properly considered an "insured" under Dillard Pruitt's State Farm liability policy. The district court granted State Farm's motion for summary judgment, holding that, under Mississippi law, Tyler Gray did not reside primarily with the Pruitts and thus was not covered by the policy held by his stepfather. We review a summary judgment on the interpretation of an insurance policy *de novo*. *Principal Health Care, Inc. v. Lewer Agency, Inc.*, 38 F.3d 240, 242 (5th Cir. 1994).

## III.

Plaintiff argues that *Grange Mutual Casualty Co. v. United States Fidelity & Guaranty Co.*, 853 So.2d 1187 (Miss. 2003), requires a finding that Tyler Gray is covered by his stepfather's policy. *Grange* held that "[i]t is clear that the law

2

in this state is that an unemancipated minor is considered a household resident of both the custodial parent and the non-custodial parent for purposes of automobile insurance." *Id*. at 1190. The district court held that that statement is *dictum* and thus not binding authority in Mississippi. The court then proffered an *"Erie*-guess" that the Mississippi Supreme Court, as presently constituted, would not hold, as a matter of law, that unemancipated minors are household residents of both parents for purposes of automobile insurance. We disagree.

In *Grange*, the court held that an unemancipated minor was covered under a liability insurance policy issued in the names of her father and stepmother. *Id*. at 1190-91. The policy in question contained language relating to coverage of family members that is virtually identical to the policy in the instant case. Just as here, the policy in *Grange* extended coverage to relatives of the insured and limited the definition of "relative" to those who "reside primarily" with the named insured. The district court, however, found that "it was the Court's assessment of the facts of residency in *Grange*, more so than its analysis of Mississippi law, which motivated the actual holding in the case." That reasoning is error.

The *Grange* court analyzed the residence of the unemancipated minor in two parts. The court first held that she was a resident of the household of both parents as a matter of law. *Id*. at 1190. The court then held, *in the alternative*, that, as a matter of fact, she primarily resided with the insured named on the subject policy. *Id*. at 1190-91 The district court concluded that the *Grange* court had relied on the factual aspect of its analysis in deciding the case, rendering its legal holding only *dictum*.

To the contrary, however, the analysis was merely an argument *in the alternative*, and the primary support for the decision came from the court's legal determination. The factual discussion came after the plain statement of Mississippi law and only made the point that, *even if the law were different*, the plain-

3

tiff would still prevail. That additional support for the court's conclusion does not turn its primary statement into *dictum* and does not undermine its status as binding legal precedent in Mississippi. The district court was bound to apply the law established in *Grange*.

The district court further reasoned that the *Grange* court misinterpreted Mississippi precedent. In avoiding the thrust of *Grange*, however, the district court considered and relied on the same cases that were carefully considered there. Where there is plain legal precedent from the state's highest court, a federal court sitting in diversity is bound to apply it.

Finally, the district court made a distinction in the definition of "insured" between uninsured motorist coverage and liability coverage. The court concluded that the uninsured motorist statute extends coverage beyond plain contractual language and that interpretations under the statute are not meant to be applied in other contexts, including the field of private liability insurance. *Grange* held, however, that there is no distinction between the uninsured motorist statute and liability insurance coverage in deciding whether an unemancipated minor is a resident of both the custodial and non-custodial parent's household. *Grange*, 853 So.2d at 1190. The argument for cabining the liberal interpretive scheme adopted in the uninsured motorist context is, therefore, unpersuasive.

*Grange* sets out unequivocal precedent in Mississippi: An unemancipated minor is a household resident of both custodial and noncustodial parents for purposes of automobile insurance. *Id.* An insurance provision that extends only to family members who "reside primarily" with the named insured is covered by *Grange*, and factual arguments related to primary residence are foreclosed. Moreover, *Erie*-guesses are appropriate only where there is no definite precedent on point from a state's highest court. Because *Grange* provides such precedent in Mississippi, there is no room for prognostications as to whether the state high court, as presently constituted, would come to the same conclusion.

4

Under Mississippi state law, Tyler Gray must be considered a resident of the household of Dillard Pruitt.  Therefore, he is an "insured" under the policy. Accordingly, we REVERSE and RENDER judgment in favor of Plunkett.[1]

---

[1] Judge Dennis concurs in the judgment only.