ROBERTS, J.,
for the Court:
¶ 1. Dr. Jerry Pratt, a United States Air Force physician, sued the Gulfport-Biloxi Regional Airport Authority, a governmental entity protected by the provisions of the Mississippi Tort Claims Act (MTCA), after he slipped and fell down a wet set of aluminum “airstairs.” The airstairs were intended to serve as a temporary means of access to the tarmac during a construction project. It was raining at the time Dr. Pratt fell, and the uncovered airstairs had only been partially covered with anti-slip tape. The Airport successfully moved for summary judgment based on two separate provisions of the MTCA: the “discretionary function” immunity and the “open and obvious danger” immunity. Dr. Pratt appeals. We find that the presence of genuine issues of material fact preclude summary judgment under both rationales. Accordingly, we reverse the judgment of the Harrison County Circuit Court and remand this matter for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶ 2. During a construction project, the Airport borrowed aluminum “airstairs” from Northwest Airlines and fixed them to a terminal as a temporary means of accessing the tarmac. The airstairs were not covered. To mitigate the risk of slipping during wet weather, Airport employees used anti-slip tape to cover the entire portion of the twelve-foot landing area at the top of the descending airstairs. How *82 ever, as for the actual surface of the descending steps, the employees only applied two-foot sections of the anti-slip tape to the center of the four-foot-wide steps. Consequently, each step on the airstairs had an uncovered twelve-inch section on either side of the anti-slip tape. As a result, if one was to hold onto the handrail while descending the airstairs, one’s outside foot was likely to land on an uncovered portion of the metal airstairs, particularly if the person descending the airstairs was holding a briefcase, suitcase, or other piece of carry-on luggage. In other words, it was difficult to reach either of the handrails and keep both feet on the anti-slip tape.
¶ 3. On October 24, 2004, Dr. Pratt exited the terminal of the Airport and noticed that it was beginning to rain. As he stepped down with his left foot onto the uncovered portion of the first step, Dr. Pratt slipped and fell down the entire two-story descending airstairs.
¶ 4. On April 14, 2006, Dr. Pratt sued the Airport and Atlantic Southeast Airlines, Inc. (ASA).[1] Dr. Pratt claimed that the Airport failed to maintain the temporary metal stairwell in a reasonably safe condition. He also claimed that the Airport failed to warn him of a hidden dangerous condition.
¶ 5. The Airport filed a motion for summary judgment. According to the Airport, it was immune from suit pursuant to the MTCA. The circuit court later granted the Airport’s motion for summary judgment because (1) the dangerous condition was open and obvious to one exercising due
care, and (2) the alleged acts or omissions of the Airport were a discretionary function.[2] See Miss.Code Ann. §§ 11-46-1 to 11-46-23 (Rev.2002 and Supp.2010).
¶ 6. Aggrieved, Dr. Pratt appeals. Dr. Pratt claims that the circuit court erred when it held that there were no genuine issues of material fact regarding the Airport’s entitlement to immunity based on the “open and obvious” and “discretionary function” immunities of the MTCA. After careful consideration, we find that the circuit court erred when it granted the Airport’s motion for summary judgment.
STANDARD OF REVIEW
¶ 7. In reviewing a circuit court’s decision to grant a motion for summary judgment, we employ a de novo standard of review. Anglado v. Leaf River Forest Prods., Inc., 716 So.2d 543, 547 (¶13) (Miss.1998). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). This Court will consider all of the evidence before the trial court in the light most favorable to the non-moving party. Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995). The party opposing the motion “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. *83 56(e). The entry of summary judgment is mandated if the non-movant “fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.” Galloway v. Travelers Ins.t Co., 515 So.2d 678, 684 (Miss.1987). This Court also reviews the proper application of the MTCA de novo. Id.
ANALYSIS
I. DISCRETIONARY FUNCTION
¶8. Mississippi Code Annotated section ll-46-9(l)(d) (Supp.2010) states:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]
To determine whether an act or a failure to act is a discretionary function, we use the following two-part test: “(1) whether the activity involved an element of choice or judgment, and if so; (2) whether the choice or judgment in supervision involves social, economic or political policy alternatives.” Barr v. Hancock County, 950 So.2d 254, 257 (¶ 10) (Miss.Ct.App.2007) (quoting Jones v. Miss. Dep’t of Transp., 744 So.2d 256, 260 (¶¶ 9-10) (Miss.1999)). “Conversely, conduct will be considered ministerial, and, therefore, immunity will not apply, if the obligation is imposed by law leaving no room for judgment.” Id.
¶ 9. The circuit court found that Dr. Pratt failed to “point out any procedures, guidelines, or regulations [that] outlined how to maintain the safety of the stairwells and would, therefore, render the Airport’s actions ministerial in nature.” The dissent cites Willing v. Estate of Benz, 958 So.2d 1240, 1252 (¶ 33) (Miss.Ct.App.2007) after noting that Dr. Pratt did not point out any matters that render the Airport’s actions ministerial in nature. However, no portion of Willing shifts the burden of proof to the non-moving party. Dr. Pratt does not bear the initial burden of proving that genuine issues of material fact exist. Instead, the moving party bears the burden of showing that no genuine issue of material fact exists. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990).
¶ 10. The circuit court found that the Airport’s “decisions and actions” involved an element of choice. However, the circuit court did not elaborate beyond that conclusion. It is true that the Airport’s Operations Supervisor, Jared Christman, decided to issue a work order requiring that anti-slip tape be applied to the surface of the airstairs. Naturally, every possibly foreseeable injury can be connected to a decision to act or a decision not to act. However, Dr. Pratt did not claim that the Airport was liable for his injuries because one of its employees chose to order anti-slip tape. Instead, Dr. Pratt claimed that the Airport was liable because it did not place that anti-slip tape on a sufficient portion of the surface of the airstairs. In other words, Dr. Pratt’s lawsuit was not based on the decision whether to apply anti-slip tape — it was based on the manner in which the anti-slip tape was applied. During the hearing on the Airport’s motion for summary judgment, counsel for Dr. Pratt noted:
As a person exits the building, there’s a series of steps of approximately six to eight feet where tape was applied directly all the way across the stairwell at two-foot segments, two of them side by side. And then as you get to the first step going down, the tape all of [the] sudden covers the middle of the stair *84 well.... The tape did not cover the full width of the stairwell at its most dangerous point all the way down. The danger presented is not the danger of wet stairs. The danger presented is the danger of the difference that is the differential between the slickness of the surface of the bare metal versus the anti-traction tape.... The anti-traction properties of the tape [are] more than two times that of the bare metal, and that was when it was taken when it was dry. The anti-traction property becomes even worse, unfortunately, when the stairs are wet.
¶ 11. Assuming, for the sake of discussion, that all that is required to surpass the first prong of the two-prong analysis is to show some remote connection to a decision or choice, that is not enough to demonstrate that immunity is appropriate. Citing Willing, 958 So.2d at 1252 (¶ 33), the dissent notes that “only those functions which by nature are policy decisions, whether made at the operational or planning level, are protected.” The dissent also notes that Willing cited United States v. Gaubert, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) for that language.
¶ 12. In Gaubert, the United States Supreme Court applied the Federal Tort Claims Act’s discretionary immunity provision to a claim that was centered on federal regulators’ supervision of a savings and loan association’s day-to-day operations. Id. at 319, 111 S.Ct. 1267. The Gaubert Court held that “each of the challenged actions involved the exercise of choice and judgment.” Id. at 331, 111 S.Ct. 1267. However, the “challenged actions” included the hiring of consultants on operational and financial matters and asset management; converting from a state-chartered savings and loan to a federally-chartered savings and loan; recommending whether to place subsidiaries into bankruptcy; mediating salary disputes; providing advice regarding litigation policy; and intervening when the Texas state government attempted to install a supervisory agent. Id. at 328, 111 S.Ct. 1267. In this case, the “challenged action” is maintenance personnel’s arbitrary decision that partially covering the airstair surface would suffice.
¶ 13. Justice Scalia, concurring with the majority in Gaubert, noted that the FTCA “does not protect all governmental activities involving an element of choice ...; [t]he choice must be ‘grounded in social, economic, or political policy.’ ” Id. at 335, 111 S.Ct. 1267 (citations omitted). Justice Scalia further stated that “an employee working at the operational level is not responsible for policy decisions, even though policy considerations may be highly relevant to his actions.” Id. To support his statement, Justice Scalia recognized the following:
the United States was held liable for; among other things, the failure of Coast Guard maintenance personnel adequately to inspect electrical equipment in a lighthouse; though there could conceivably be policy reasons for conducting only superficial inspections, the decisions had been made by the maintenance personnel, and it was assuredly not their responsibility to ponder such things.
Id. at 336, 111 S.Ct. 1267 (citing Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122,100 L.Ed. 48 (1955)).
¶ 14. In this case, there was no evidence that the Airport’s decision to forego placing anti-slip tape of the airstairs involved a social, economic, or political policy. The decision by two maintenance personnel to place anti-slip tape on two feet of the center of the four-foot stair surface was not based on any social, economic, or political policy alternatives. During the *85 deposition of Lloyd Gates, the maintenance man who actually put the anti-slip tape down on the stairwell, Gates was asked why he and another employee identified as “Richard” only put a small strip of anti-slip tape on two feet of the center portion of the stair surface, as opposed to the entire four-foot stair surface. Gates answered, “I think it was probably both of us saying that one would probably be enough.” The employees had an adequate supply of anti-slip tape to cover the entire surface of the steps. Consequently, the decision to place anti-slip tape only on the center portion of the airstairs did not involve any “policy” at all. Rather, it was a completely random decision by two employees who were not authorized to make any “policy” decisions. As Dr. Pratt’s attorney noted, “if someone [was] holding the handrail ... [he or she could not] have both feet on the traction surface.” It is very rational to conclude that any prospective airline passenger with carry-on luggage would utilize only one handrail for balance as he or she ascended or descended the wet airstairs, necessitating that that person step on the wet, un-taped surface.
¶ 15. The Airport did not present any evidence that it made a policy decision to leave the outer two feet — which were adjacent to the handrails — uncovered by anti-slip tape. Likewise, the Airport did not present any evidence that the maintenance employees neglected to place anti-slip tape over the entire stair surface because it had a limited supply of anti-slip tape. As Dr. Pratt’s attorney argued at the hearing on the Airport’s motion for summary judgment: “this wasn’t a high-browed [policy] decision ... [t]his was two maintenance guys saying, ‘one [strip] will be enough.’ ”
¶ 16. The Airport failed to demonstrate that there was no genuine issue of material fact regarding whether its decision to place anti-slip tape on only a portion of the stair surface involved a policy decision. Consequently, the circuit court erred when it granted the Airport’s motion for summary judgment on the basis that the discretionary function provision of the MTCA renders the Airport immune from Dr. Pratt’s suit.
II. OPEN AND OBVIOUS
¶ 17. Mississippi Code Annotated section 11 — 46—9(l)(v) (Supp.2010) states that a governmental entity shall not be liable for failing to warn of a dangerous condition that was open and obvious. According to the circuit court, the Airport was entitled to summary judgment pursuant to section ll-46-9(l)(v) because: (1) Dr. Pratt knew it was raining when he approached the stairs; (2) he knew the steps were uncovered and exposed to the rain; (3) he admitted that it was reasonable to assume that the stair surface was wet; and (4) “he knew when he took his first step that he was not stepping on the anti-skid material that had been placed on the stairs.” Those facts tend to suggest that the danger was open and obvious, but the appropriate question is whether there is a genuine issue of material fact that the danger was open and obvious. It is not appropriate to weigh the facts while determining whether to grant or deny a motion for summary judgment.
¶ 18. During his deposition, Dr. Pratt claimed that the danger was not obvious to him and he stated that he had to step onto the exposed area of the aluminum stair surface because he could not hold the handrail if he walked down the center portion of the stairwell that was covered by anti-slip tape. Dr. Pratt’s expert submitted an affidavit that supported Dr. Pratt’s argument that the danger of slipping was neither open nor obvious. Dr. Richard Forbes, a professor of mechanical engineering at Mississippi State Universi *86 ty, examined the stairwell and stated that the “friction coefficient” for the anti-slip tape was approximately two times that of the uncovered aluminum stair surface. Dr. Forbes further stated that rain would aggravate the differential between the friction coefficients for the two surfaces. Specifically, Dr. Forbes said, “there would be no significant change in the friction coefficient of the anti-slip surface[,] while the coefficient of the wet metal would be reduced.” Dr. Forbes went on to say that Dr. Pratt was not warned of that danger, and a reasonable person would not know that the differences in the friction coefficients would be a slipping hazard. According to Dr. Forbes, that was “especially” so because the area leading to the first descending step was completely covered by anti-slip tape.
¶ 19. Dr. Forbes’s expert opinion suggests that the danger of slipping was not open and obvious. When opposing witnesses swear to contradictory, material facts, summary judgment is not appropriate. Robinson v. Cobb, 763 So.2d 888, 886 (¶ 13) (Miss.2000). Consequently, there is a genuine issue of material fact regarding whether the dangerous condition of the wet, slippery steps was open and obvious.
¶ 20. It is very well possible that at trial the circuit court would consider the exact same conflicting evidence and conclude that the weight of the evidence falls in the Airport’s favor. Nevertheless, while considering a motion for summary judgment, we are to withhold from weighing the evidence. Instead, we are required to view the evidence in the light most favorable to the non-moving party. Russell v. Orr, 700 So.2d 619, 622 (Miss.1997). Furthermore, we are to consider a motion for summary judgment with a skeptical eye. Ratliff v. Ratliff, 500 So.2d 981, 981 (Miss.1986). It is better to err on the side of denying the motion. Id. Viewed in that light, the evidence — particularly Dr. Forbes’s affidavit — indicates that the danger of slipping was not open and obvious to Dr. Pratt. Therefore, the circuit court erred when it concluded that the Airport was entitled to summary judgment based on section ll-46-9(l)(v).
CONCLUSION
¶ 21. Based on the presence of genuine issues of material fact regarding the application of the “discretionary function” immunity and the “open and obvious danger” immunity provisions of the MTCA, we reverse the circuit court’s decisions to grant summary judgment in both regards. Accordingly, we reverse, and this matter is remanded to the circuit court for further proceedings consistent with this opinion.
¶ 22. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
KING, C.J., GRIFFIS, CARLTON AND MAXWELL, JJ., CONCUR. LEE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MYERS, P.J., IRVING AND BARNES, JJ. ISHEE, J., NOT PARTICIPATING.

. Dr. Pratt later filed an amended complaint which added Northwest Airlines as a defendant. Northwest Airlines owned the set of stairs in question.

. The circuit court did not specifically dismiss the claims against ASA. However, the circuit court granted summary judgment in favor of Northwest, finding that Northwest did not have control of the stairway at the time of Dr. Pratt’s fall. Dr. Pratt's appeal only concerns the Airport.