WALLER, Chief Justice,
dissenting:
¶ 21. Because I would hold that the actions at issue in this case — maintaining passenger airstairs — do not enjoy discretionary-function immunity, I respectfully dissent.
¶ 22. I agree with the plurality that the decision to operate an airport is an immune discretionary function. See Plur. Op. ¶ 10 (“A decision ... to operate an airport is discretionary.”). However, the act at issue does not encompass a policy decision or act properly the subject of governmental immunity. Pratt does not claim to have been injured by the decision to operate the Gulfport-Biloxi Regional Airport. In fact, neither party argues that the decision to operate the airport is the act at issue. Rather, it is the alleged negligent placement of anti-slip tape on the airstairs on which Pratt slipped that he claims caused his injuries.
¶ 23. In applying the discretionary-function exception, “ ‘this Court must distinguish between real policy decisions implicating governmental functions and simple acts of negligence which injure innocent citizens.’” Dancy v. E. Miss. State Hosp., 944 So.2d 10, 17-18 (Miss. 2006) (quoting Gale v. Thomas, 759 So.2d 1150, 1162 (Miss.1999)). The exception “protects only governmental actions and decisions based on considerations of public policy.” Berkovitz v. U.S., 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). When reviewing whether a challenged action is afforded immunity, a court’s focus is “on the nature of the actions taken and whether they are susceptible to policy analysis.” U.S. v. Gaubert, 499 U.S. 315, 325, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991).
¶ 24. As the Court of Appeals recognized, no “policy” was involved in the placing of the anti-slip tape:
During the deposition of Lloyd Gates, the maintenance man who actually put the anti-slip tape down on the stairwell, Gates was asked why he and another employee identified as “Richard” only put a small steip of anti-slip tape on two feet of the center portion of the stair surface, as opposed to the entire four-foot stair surface. Gates answered, “I think it was probably both of us saying that one would probably be enough.”
Pratt v. Gulfporh-Biloxi Reg’l Airport Auth, 97 So.3d 80, 84-85 (Miss.Ct.App.2011) (emphasis in original). The Court of Appeals noted that there was an adequate supply of tape to cover the entire surface. Id. I agree, then, with the Court of Appeals that the manner in which the mainte *77 nance personnel placed the anti-slip tape did not implicate social, economic, or political policy, but was simply “a completely random decision.” Id.
¶ 25. Today’s case is distinguishable from those cited by the plurality. This is not a case in which a person was injured by a third party while merely present on government-owned property. Cf. City of Jackson v. Doe ex rel. J.J., 68 So.3d 1285 (Miss.2011). And, unlike the plaintiff in Shaw, Pratt does not claim that the airport is exempt from immunity because it constitutes a “commercial enterprise.” Miss. Dep’t of Mental Health and Ellisville State School v. Shaw, 45 So.3d 656, 660 (Miss.2010). Rather, Pratt’s claim is based on the airport’s alleged failure to provide a safe means of exiting an airplane — a simple act of negligence. See Dancy, 944 So.2d at 17-18.
¶ 26. The United States Supreme Court has made it clear that maintenance decisions such as the one at issue today do not involve policy considerations. In Indian Towing Co. v. U.S., 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), the Court held that the U.S. government was liable for damages resulting from the Coast Guard’s failure to inspect electrical equipment adequately. The Court recognized that the Coast Guard was not required to operate the lighthouse. Id. at 126. And it is obvious that the decision to operate a lighthouse — to guide those at sea safely to shore — involves policy considerations. However, the Court held that “once it exercised its discretion to operate a light on Chandeleur Island and engendered reliance on the guidance afforded by the light, it was obligated to use due care to make certain that the light was kept in good working order.” Id. at 126-27. Commenting on Indian Towing in his concurrence in Gaubert, Justice Scalia said that maintenance decisions such as this — and the one at issue in today’s case — did not involve policy considerations. Gaubert, 499 U.S. at 336, 111 S.Ct. 1267 (Scalia, J., concurring in part and in judgment); see also Berkovitz, 486 U.S. at 538 n. 3, 108 S.Ct. 1954 (noting that the failure to maintain the lighthouse in good condition “did not involve any permissible exercise of policy judgment”).
¶ 27. The action complained of by Pratt does not implicate social, economic, or political policy. As such, I would hold that it does not enjoy discretionary-function immunity.
¶ 28. For the above reasons, I respectfully dissent.
CHANDLER, J., JOINS THIS OPINION. KITCHENS, J., JOINS IN PART.