498 So.2d 321 (1986)
STATE of Mississippi for the Use and Benefit of Nelda M. BRAZEALE, and Nelda M. Brazeale, Individually
v.
Richard A. LEWIS, Individually, and United States Fidelity and Guaranty Co.
No. 55985.
Supreme Court of Mississippi.
November 12, 1986.
Gary R. Parvin, Starkville, for appellants.
William H. Ward, Ward & Rogers, Starkville, for appellees.
Before ROY NOBLE LEE, P.J., and ANDERSON and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:

I.
Plaintiffs, Nelda M. Brazeale, individually, and the State of Mississippi for the Use and Benefit of Nelda M. Brazeale, filed a complaint in the Circuit Court of Oktibbeha County, Mississippi, alleging negligent maintenance and repair of a county road by defendants Richard A. Lewis, individually, and U.S.F. & G. Co., his surety, for injuries and damages Brazeale alleges were proximately caused by an accident which occurred on July 18, 1983, due to the condition of said road. Defendants filed a motion to dismiss which the lower court granted. For the reasons stated herein, we affirm the lower court's ruling.

II.
Nelda M. Brazeale was involved in an accident while driving along New Light Road in Oktibbeha County, Mississippi, when she apparently lost control of her car and ran off the road after coming across various obstructions in her path. Plaintiff's amended complaint did, in fact, allege her injuries and damages were the result of numerous holes, indentations, and rough *322 spots along the road which culminated in creating a hazardous condition and which resulted in the complained of accident.
In her complaint, Brazeale charged negligence on the part of Richard A. Lewis, a member of the Board of Supervisors of Oktibbeha County, and with whom authority for supervision of the road in question lay. Brazeale's complaint conclusively delegated to Lewis the primary legal responsibility for preparing and maintaining that portion of the county road system within his district.
Pursuant to M.R.C.P. Rules 12(b)(1) and 12(b)(6), defendants filed a motion to dismiss on the grounds that the complaint failed to state a claim upon which relief may be granted, and further that the court lacked jurisdiction over the subject matter which forms the basis of plaintiff's claim. The trial court granted the motion and plaintiffs appeal.

III.

A.
The central core of the dispute between the parties to this action involves a topic of particular interest to our judicial system but which, oddly enough, has seen precious little litigation in the State of Mississippi despite the somewhat controversial nature of its existence. We are asked today to determine the rights of an individual a private citizen as it were  to file suit against a county officer, whose act of negligence, she alleges, serves as the proximate cause of her injuries suffered and damages incurred. In short, we are asked to ascertain once again the position and impact the doctrine of sovereign immunity holds within this state and its political subdivisions for torts committed, as well as the liability for the torts of its employees.
As a side issue, we are presented with the question of the liability of Lewis's surety, U.S.F. & G. Co., should we find negligence on the part of Lewis, principal in the action.

B.
The distinction between discretionary and ministerial acts by a government employee is directly correlated to what immunity he will enjoy in the event he has been negligent in his actions or in failing to act. The basis for extending sovereign immunity to government officials lies in the inherent need to promote efficient and timely decision-making without lying in fear of liability for miscalculation or error in those actions. The immunity defense has generally been extended to officials' discretionary acts in most states, Mississippi ranking among them.
In order to allow our lawmakers and government officials to participate freely and without fear of retroactive liability in risk-taking situations requiring the exercise of sound judgment, the discretionary-ministerial distinction has evolved, and remains an integral part of our judicial system in the determination of liability of the state and its employees. In Davis v. Little, 362 So.2d 642, 643 (Miss. 1978), we said that:
The immunity of public officials, on the other hand, is a more limited principle, since its purpose is not directly to protect the sovereign, but rather to do so only collaterally by protecting the public official in performance of his governmental function. Given the more limited function, courts have generally extended less than absolute immunity. The most commonly recognized limitation is the distinction between discretionary acts as opposed to ministerial acts. Under this distinction, the official is immune only where that which he does in the performance of his lawful duties requires "personal deliberation, decision and judgment." See Prosser, Law of Torts § 132 (4th ed. 1971).
Our decision in Davis was further reinforced by the landmark case of Pruett v. Rosedale, 421 So.2d 1046 (Miss. 1982). While Pruett was a much welcomed and long overdue step towards providing parties with a forum for grievances against the state, whereas this Court directed the *323 legislature to abrogate sovereign immunity, our mandate specifically limited the liability of governmental officials to ministerial functions alone, allowing these state employees to continue their basic policy-making decisions without fear of legal retribution.
Because the threshold issue is whether, as an individual supervisor for the county, Richard Lewis has an independent duty of actually repairing roads and highways in a ministerial capacity, or whether the board of supervisors, as a complete governmental body, is vested with such jurisdiction and control in a discretionary manner of carrying forth such duties of maintenance and repair of the roads, our decision naturally turns upon this functional distinction.
Mississippi Code Annotated § 19-3-41 (1972) provides in part that:
The board of supervisors shall have within the respective counties full jurisdiction over roads, ferries and bridges.
In Leflore County v. Big Sand Drainage District, 383 So.2d 501 (Miss. 1980), we held that a county can have no liability except as authorized, expressly or by necessary implication, by some statute. See also Board of Supervisors of Lee County v. Payne, 175 Miss. 12, 166 So. 332 (1936); and City of Grenada v. Grenada County, 115 Miss. 831, 76 So. 682 (1917). To this extent, the Mississippi Legislature enacted Mississippi Code Annotated § 19-13-51 which partially abrogates the sovereign immunity of the board of supervisors in its capacity as "overseer" of the roads, ferries and bridges within its jurisdiction.
The board of supervisors of any county shall have the power, in their discretion, to allow damages sustained to stock and other property injured or destroyed while traveling along the public highways maintained by the county where such loss is caused by defects in a bridge, causeway or culvert in such highway.
However, in no way can it be said that the legislature, in so laying the foundation for abrogation of immunity in this area, has addressed even peripherally the role of an individual supervisor in his governmental capacity to repair and maintain the roads within his beat. It does, in fact, reinforce the discretionary-ministerial distinction by allowing the board as a whole the authority to make discretionary decisions with regard to the general condition and state of maintenance of county roads and bridges, thus leaving intact the board's qualified immunity for such decisions. See also Hudson v. Rausa, 462 So.2d 689 (Miss. 1984), and White v. City of Tupelo, 462 So.2d 707 (Miss. 1984), for further discussion of this Court's review of the distinction between discretionary and ministerial functions as performed by public employees and officials.
Assuming arguendo that an individual member of the board of supervisors has a ministerial duty or function to maintain the roads of his district, we recognize that, for various reasons, at least some roads may be in a state of disrepair from time to time, particularly due to the lack of funds, which would, of course, require that the main, heavily-traveled roads receive the supervisor's immediate attention. Certainly, making the determination as to which roads should be the better maintained under such conditions would be a discretionary matter with the individual member of the board, absent some personal tort committed by him.

C.
In sum, we would deny appellant's first assignment of error alleging that the trial court erred in holding that an individual supervisor of a county within Mississippi is immune from suit for negligently maintaining a county road within his beat, for the following reasons: first, the state has not statutorily abrogated the immunity of officials acting in a capacity which serves as the substance of Brazeale's complaint (e.g. the maintenance and repair of county roads, ferries and bridges); and, secondly, the decisions involved here are discretionary ones reached by common agreement of the Oktibbeha County Board of Supervisors as a whole, and are not, as appellant contends, simple ministerial actions by *324 Lewis in his role and capacity as an individual supervisor.

D.
Because we have dispensed with appellant's first assignment of error in such a manner, we may approach her remaining assignments of error with our foregoing decision kept in mind.
As a second assignment of error, appellant claims liability on the part of the surety for negligence by the principal, Lewis, whose acts or negligent omission thereof allegedly resulted in injury to Brazeale.
Heretofore we determined that Lewis enjoys the privilege of qualified immunity, and suffers no liability for his part in this action. Therefore, following the general rule as set forth in 74 Am.Jur.2d Suretyship §§ 24-25 (1974), and as adopted by this Court in Irving v. Bankers' Mortgage Co., 169 Miss. 890, 151 So. 740 (1934), and then later in First Mobile Home Corp. v. Little, 298 So.2d 676 (1974), because the principal has no liability for this cause, and no liability may be imputed to its surety beyond that of its principal, U.S.F. & G. is free of any liability in this action as well.

E.
Finally, we are asked to determine whether the trial court erred in granting defendant's M.R.C.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.
In Ford v. C.W. and C.T. White, 495 So.2d 494, decided October 1, 1986, this Court, in ruling on error assigned to the Chancery Court of Yalobusha County for granting to defendant a MRCP 12(b)(6) motion to dismiss, said that:
A 12(b)(6) motion to dismiss has replaced and become a successor to what was formerly recognized as the common law demurrer. Once the trial court entertains the motion and proceeds to sustain such motion, the effect is to forego deciding the case on its merits, simply because plaintiff did not, as required by our judicial system, state a claim upon which relief may be granted.
Further, we noted that while the 12(b)(6) motion is the proper means to test for legal sufficiency of the complaint, for it to be properly granted it must appear to a certainty that the plaintiff is entitled to no relief under any set of facts presented that could be proved in support of his claim. Franklin County Co-Op v. M.F.C. Services (A.A.L.), 441 So.2d 1376 (Miss. 1983); Stanton and Associates, Inc. v. Bryant Construction Co., 464 So.2d 499 (Miss. 1985); and Busching v. Griffin, 465 So.2d 1037 (Miss. 1985).
Because of the particular statutes and case law pertinent to the plaintiff in this case, we find that all routes of action are foreclosed to her, and cannot hold that she would be entitled to relief under any set of facts that would be proven in support of her claim, given the present state and applicability of the doctrine of sovereign immunity in Mississippi. Therefore, we affirm the lower court's ruling allowing dismissal of the action pursuant to M.R.C.P. 12(b)(6) for failure to state a claim upon which relief may be granted.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE, and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.