536 So.2d 1356 (1988)
Robin Ann WEBB and Christopher Robert Webb
v.
The COUNTY OF LINCOLN, Mississippi; Clifton Givens, Isaiah Ard, Ramsey Smith and F.H. Britt, Jr., each Individually and in his Official Capacity as a Member of the Board of Supervisors of Lincoln County; Mississippi State Highway Commission; John R. Tabb, Director of the Mississippi State Highway Department in his Official Capacity as Director of the Mississippi State Highway Department.
No. 58164.
Supreme Court of Mississippi.
December 21, 1988.
T. Mack Brabham, McComb, for appellants.
*1357 Donald B. Patterson, Brookhaven, Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by P.O. Gibson, Asst. Atty. Gen., and Thomas S. Coleman, Jackson, for appellees.
En Banc.
DAN M. LEE, Presiding Justice, for the Court:
Robin Ann and Christopher Robert Webb, filed suit on September 13, 1986, in the Circuit Court of Lincoln County, Mississippi, for damages growing out of a one-vehicle accident on July 8, 1986. Interrogatories and requests for production were attached to the complaint. Among the numerous defendants below, now appellees, were the Mississippi State Highway Commission, a body incorporated under the laws of the State of Mississippi; John R. Tabb, director of the Mississippi State Highway Department, in his official capacity as the director of the Mississippi State Highway Department; and Lincoln County and its five supervisors in their individual and official capacities.
All appellees filed an answer. Additionally, the appellees presented to the court a motion pursuant to Rule 12(b)(6) of the Miss.R.Civ.Proc. to dismiss the complaint. On January 30, 1987, the court granted the motion to dismiss all parties pursuant to the case of State v. Lewis, 498 So.2d 321 (Miss. 1986). Feeling aggrieved by the holding of the lower court, the Webbs appeal and assign two assignments of error. Ultimately finding no error, we affirm.

STATEMENT OF FACTS
Christopher Robert Webb, his wife, Robin Ann Webb, and their one- (1-) year-old son, Robert Anthony Webb, were travelling in Lincoln County, Mississippi, at approximately 9:45 p.m. on July 8, 1986. The weather conditions that night were foggy and rainy. The Webbs were travelling down a road known as "Robert Adams Road." Unbeknownst to Mr. Webb, and without any warning, the road suddenly came to a dead end where Robert Adams Road made a "T" intersection with Old Hog Chain Road. Mr. Webb, unable to stop his automobile, proceeded through the intersection and struck a tree. The accident inflicted serious injuries on Robin Ann Webb, who sustained a broken nose, broken maxilla (upper jaw), broken shoulder, broken ankle and the breaking of most all other facial bones between the level of Mrs. Webb's eye and mandible.
In their complaint, the Webbs specifically allege that the intersection had previously been marked by a stop sign. On the day in question, the stop sign no longer existed at that particular intersection; therefore, the Webbs charged that the appellees failed to properly supervise or maintain the intersection in a reasonably safe manner. The plaintiffs further alleged two additional acts of negligence, (1) a failure to warn members of the motoring public of the condition that existed at the intersection, and (2) the failure to properly maintain the intersection according to the uniform traffic control device manual.
Through answers to interrogatories and affidavit attached to their motion, appellees, Mississippi State Highway Commission and John R. Tabb, in his official capacity of director of the Highway Department, denied any obligation to maintain the intersection at which the accident occurred.
Similarly, appellees, Lincoln County and its supervisors, answered the complaint and asserted in their "Second Defense" that appellants action was barred by sovereign immunity. Additionally, in their "First Defense," Lincoln County and its supervisors moved for a 12(b)(6) dismissal for failure to set a claim upon which relief can be granted, or in the alternative for a judgment on the pleadings.
The circuit court, after considering briefs filed by appellants and appellees, held "this case is governed by the decision in State of Mississippi for the Use and Benefit of Nelda M. Brazeale and Nelda M. Brazeale, Individually, v. Richard A. Lewis, Individually, and United States Fidelity & Guaranty Co., 498 So.2d 321 (Miss. 1986)." The Court sustained the 12(b)(6) motion and dismissed the complaint.

DISCUSSION
The essential issue of this appeal is whether the doctrine of sovereign immunity *1358 forestalls the Webbs' recovery in this cause. The Webbs, reviewing this Court's opinion in State v. Lewis, supra, point out that the central issue of Lewis is whether or not a supervisor could be held individually liable for negligent acts even if the county could not be held liable. The essence of this Court's holding in Lewis was that if governmental immunity applied to the county under the particular facts involved, then it applied to the supervisor individually, as well. In Lewis we said:
Assuming arguendo that an individual of the board of supervisors has a ministerial duty or function to maintain the road of his district, we recognize that for various reasons, at least some roads may be in a state of disrepair from time to time, particularly due to the lack of funds, which would, of course, require that the main, heavily travelled roads receive the supervisors immediate attention. Certainly, making the determination as to which roads should be better maintained under such conditions would be a discretionary matter with the individual members of the board, absent some personal tort committed by him.
The Webbs believed that this Court's distinction was based on economic considerations. In other words, a supervisor, dealing with limited funds, could act in his discretion as to which county road should first be repaired. While such distinction may have merit in State v. Lewis, Webb charges that the "economic consideration" clearly would not apply to the simple, inexpensive task of re-erecting a downed stop sign.
The Mississippi State Highway Commission and the State Highway Department point out that they have no jurisdiction over any road or highway which is not designated as a part of the state highway system. An affidavit contained in the record establishes the fact that said road and intersection were not part of the state highway system.
Leaving liability in the hands of the county, Lincoln County and its Board of Supervisors argue that any liability on their part is abrogated by the holding in State v. Lewis, supra. This Court, as did the trial judge below, finds merit in this argument.
Before applying the reasoning of Lewis to the facts at hand, we are inclined to review Mississippi law in connection with sovereign immunity. Prior to the holding in Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982), decided in November of 1982, the law governing sovereign immunity in this case was quite clear. The rule dictated that the state or its political subdivision may not be sued without legislative consent. Pruett abolished the judicially created doctrine of sovereign immunity. The Court set July 1, 1984, as the effective date for recognition of state tort liability. Unfortunately for the Webbs, as well as many other plaintiffs, the holding in Pruett has never come into effect. Since 1984, the Legislature has repeatedly enacted a legislative doctrine of sovereign immunity, each set to repeal at the end of the fiscal year following the legislative session during which it was enacted.
In a recent case, Grantham v. Department of Corrections, 522 So.2d 219 (Miss. 1988), this Court explained the ambiguities concerning judicially created sovereign immunity and legislatively created sovereign immunity:
The judicially created doctrine of sovereign immunity was abolished by this Court in Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982). The Court set July 1, 1984, as the effective date for recognition of state tort liability. In 1984, the Legislature enacted a statute waiving the sovereign immunity of the state and its political subdivisions... . However, the act also provided that it would:

Apply only to claims that accrued on or after July 1, 1985, as to the state, and on or after October 1, 1985, as to political subdivisions. Claims that accrued prior to July 1, 1985, as to the state, or, prior to October 1, 1985, as to political subdivisions, shall not be affected by this act but shall continue to be governed by the case law governing sovereign immunity as it existed immediately prior to the decision *1359 in the case of Pruett v. City of Rosedale, 421 So.2d 1046, and by the statutory law governing sovereign immunity existing prior to July 1, 1985.

Id. at 222. A quick glance at the footnote in Grantham confirms the fact that the Legislature has re-enacted this doctrine during the recent legislative session:
The Legislature has yearly reenacted the statute governing the claims to which the waiver would apply. See Miss. Code Ann. § 11-46-6 (Supp. 1987). Section 11-46-6 presently provides that the waiver shall apply only to claims arising after July 1, 1988, as to the state, and on or after October 1, 1988, as to political subdivisions.

Id. at 222.
Since the Webbs' claim arose in September of 1986, it falls within the applicable period cited in § 11-46-6. Therefore, the law as it stood prior to Pruett is applicable to this case.
This Court finds that the trial court was correct in dismissing this action as to the Mississippi State Highway Commission and the Mississippi State Highway Department. As pointed out earlier, unless certain highways are designated as "state highways," the State Highway Commission and the Highway Department are not responsible for their construction and maintenance. As to the Lincoln County Board of Supervisors, this Court holds that the reasoning in State v. Lewis is controlling as to their liability to the Webbs.
State v. Lewis, supra, is this Court's first pronouncement in this area since Pruett v. Rosedale, supra. This Court in Lewis, citing Miss. Code Ann. § 19-3-41 (1972), writes:
The board of supervisors shall have within the respective counties full jurisdiction over roads, ferries and bridges.
Id. at 323.
We previously held that a county can have no liability except as authorized by statute. See Leflore County v. Big Sand Drainage District, 383 So.2d 501 (Miss. 1980). However, the Legislature, enacting Miss. Code Ann. § 19-13-51, partially abrogated the sovereign immunity of the board of supervisors in its capacity as "overseer" of the roads, ferries and bridges within its jurisdiction:
The board of supervisors of any county shall have the power, in their discretion, to allow damages sustained to stock and other property injured or destroyed while traveling along the public highways maintained by the county where such loss is caused by defects in a bridge, causeway or culvert in such highway.
Id.
Although recognizing the implication of § 19-13-51, this Court in Lewis said:
However, in no way can it be said that the Legislature, in so laying the foundation for abrogation of immunity in this area, has addressed even peripherally the role of an individual supervisor in governmental capacity to repair and maintain the roads within the beat. It does, in fact, reinforce the discretionary/ministerial distinction by allowing the board as a whole the authority to make discretionary decisions with regard to the general condition and state of maintenance of county roads and bridges, thus leaving intact the board's qualified immunity for such decision. ...
Id. at 323.
The Board of Supervisors of Lincoln County, as a whole, made the decision as to the maintenance of the roads. Thus, as stated in Lewis, "the board's qualified immunity remains intact."
In sum, we deny the Webbs' claim against the Mississippi State Highway Commission, the Mississippi State Highway Department, Lincoln County and its five supervisors. Finding that sovereign immunity still exists as to these subdivisions and agencies of this state, we also address the issue of whether the trial court erred in granting the appellees' 12(b)(6) motion to dismiss. In Lewis, we said:
Further, we noted that while the 12(b)(6) motion is the proper means to test for legal sufficiency of the complaint, for it to be properly granted it must appear to *1360 a certainty that the plaintiff is entitled to no relief under any set of facts presented that could be proved in support of his claim. Franklin County Co-Op v. M.F.C. Services (A.A.L.), 441 So.2d 1376 (Miss. 1983); Stanton and Associates, Inc. v. Bryant Construction Col., 464 So.2d 499 (Miss. 1985); and Busching v. Griffin, 465 So.2d 1037 (Miss. 1985).
Id. at 324. Given the present state of sovereign immunity in Mississippi, this Court finds that all routes of action are foreclosed to the Webbs; therefore, we affirm the Circuit Court of Lincoln County's order dismissing this action, dated January 30, 1987.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
GRIFFIN, J., not participating.