DICKINSON, Presiding Justice,
for the Court:
¶ 1. Two girls sued the City of Jackson, Mississippi, after they were molested in a public park operated by the City. The City moved for summary judgment, arguing that it was immune from suit. The trial court denied the motion. Because the City’s operation of the park was a discretionary function, we granted the City’s petition for interlocutory appeal and now reverse the trial court and render judgment for the City.
FACTS AND PROCEDURAL HISTORY
¶ 2. In July 2001, eight-year-old Jane Doe and thirteen-year-old Lisa Roe[1] were playing unsupervised at the Presidential Hills Park, a public park built, operated, and maintained by the City of Jackson, Mississippi. While playing in the park, the two children were approached by An *1287 drew Lawson, a convicted sex offender, who fondled Lisa Roe and sexually battered Jane Doe. Lawson was convicted for his criminal acts against the girls.
¶ 3. After giving notice of their claims as required by the Mississippi Tort Claims Act (MTCA), J.J., as mother and next friend of Jane Doe, and L.L., as mother and next friend of Lisa Roe, filed their complaint against the City of Jackson, its mayor, and the director of the Department of Parks and Recreation, alleging that the girls were injured because the defendants had failed to maintain the park in a reasonably safe condition. The defendants asserted immunity under the MTCA, Mississippi Code Sections 11^46-1 to 11^46-23.
¶ 4. Discovery began, but after a period of more than three years, during which the plaintiffs took no action, the defendants moved to dismiss the action for failure to prosecute and for summary judgment. In their motion for summary judgment, the defendants argued that Section 11-46-9 granted them immunity. Without saying why, the trial court denied both motions. We granted the defendants’ consolidated petition for interlocutory appeal.
¶ 5. The City of Jackson asks this Court to consider: (1) Whether the trial court erred by denying the City’s motion for summary judgment on the basis of immunity under Mississippi Code Section 11-46 — 9(l)(c), (d) and (g); and (2) whether the trial court erred by denying the City’s motion to dismiss for lack of prosecution under Mississippi Rule of Civil Procedure 41(b). Because immunity under Section ll-46-9(l)(d) is dispositive, we decline to address the other issues.
ANALYSIS
¶ 6. We review a trial court’s grant or denial of summary judgment de novo.[2] A motion for summary judgment is to be granted “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”[3] The burden is on the moving party to show that no genuine issue of material fact exists.[4] Thereafter, “[t]he non-moving party must produce specific facts showing that there is a genuine material issue for trial.”[5]
¶7. The Mississippi Tort Claims Act waives the State’s common-law tort immunity, but excepts from that waiver twenty-five categories of acts for which governmental entities continue to enjoy immunity from suit.[6] One of those categories is the “discretionary function” exception set forth in Section 11 — 46—9(l)(d):
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.[7]
¶ 8. The defendants argue that, because the operation of a city park is a discretionary function, the City is immune from suit.

*1288
1. The City’s operation of the park is a discretionary function.

¶ 9. A governmental duty is discretionary when the government or municipal official is required to use his or her own judgment in performing the duty.[8] But where “the duty is one which has been positively imposed by law and in a manner or upon conditions which are specifically designated, the duty to perform under the condition specified, not being dependent upon the officer’s judgment or discretion, the act and discharge thereof is ministerial.”[9] As we have put it, “discretionary acts which enjoy immunity are those acts which promote some social, economic, or political policy.”[10]
¶ 10. To identify a discretionary function, this Court uses a two-part test in which we first determine “whether the activity involved an element of choice or judgment;” if so, we then consider “whether the choice or judgment in supervision involves social, economic or political policy alternatives.”[11]
¶ 11. As to the first prong, the defendants argue that the operation of the park involved an element of choice because “[t]here is no obligation imposed by statute or regulation stating the manner by which the City of Jackson should provide recreational facilities for its citizens or whether it should provide them at all,” and because “there is no obligation imposed by law stating the monetary amount the City of Jackson must spend/budget to develop, operate or maintain the city’s parks and recreational facilities.... ” We agree.
¶ 12. As to the second prong, Section 55 — 9-29—the statute that gives a county or municipality the authority to create public parks — provides that “any recreational district under the provisions of 55-9-21 through 55-9-37 may authorize any project constituted thereunder to ... operate properties to the end that such project may be able to promote the public interest and welfare ... to acquire, develop, provide and improve public parks ... in this state....”[12] The plain language of the statute indicates that the creation and operation of a city park is within the discretion of the municipality.[13] The statute also says that the acquisition, development, provisions, and improvements of city parks are made to promote “the public interests and welfare” of the municipality.[14] So we hold that the operation of a city park is a discretionary function of the city.[15]

2. The City’s discretionary-function immunity cannot be overcome by Section ll-4,6-9(l)(v).

¶ 13. The plaintiffs argue that, even if the operation of a city park is a *1289 discretionary function that provided immunity to the defendants, that immunity can be overcome under Section ll-46-9(l)(v), which provides:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [a]rising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care.... [16]
¶ 14. But Section 11 — 46—9(l)(v) provides an independent basis for immunity, separate and apart from Section 11 — 46—9(l)(d). Because the City qualifies for immunity under subsection (d), the conditions for immunity under subsection (v) are irrelevant. The plaintiffs’ argument is without merit.
CONCLUSION
¶ 15. The City of Jackson’s operation of Presidential Hills Park is a discretionary function that entitles it to immunity from suit under the Mississippi Tort Claims Act. The plaintiffs have failed to demonstrate a genuine issue of material fact to be decided by a jury. Because the City is entitled to judgment as a matter of law, summary judgment should have been granted in favor of the defendants. This case is reversed and rendered.
¶ 16. REVERSED AND RENDERED.
WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, PIERCE AND KING, JJ„ CONCUR. KITCHENS, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER, J.

. We use pseudonyms to protect the identities of the child victims.

. Crawford Logging, Inc. v. Estate of Irving, 41 So.3d 687, 689 (Miss.2010).

. M.R.C.P. 56(c).

. Bennett v. Hill-Boren, P.C., 52 So.3d 364, 368 (Miss.2011).

. Van v. Grand Casinos of Miss., Inc., 767 So.2d 1014, 1018 (Miss.2000).

. Miss. Dep't. of Mental Health & Ellisville State Sch. v. Shaw, 45 So.3d 656, 658 (Miss.2010).

. Miss.Code Ann. § ll-46-9(l)(d) (Rev.2002).

. Harris v. McCray, 867 So.2d 188, 191 (Miss.2003).

. Barrett v. Miller, 599 So.2d 559, 567 (Miss.1992).

. Shaw, 45 So.3d at 659.

. City of Jackson v. Powell, 917 So.2d 59, 73 (Miss.2005) (quoting Bridges v. Pearl River Valley Water Supply Dist., 793 So.2d 584, 588 (Miss.2001)).

. Miss.Code Ann. § 55-9-29 (Rev.2008).

. See Barrett, 599 So.2d at 567.

. Miss.Code Ann. § 55-9-29.

. The separate opinion — immediately after conceding that the City’s creation of the public park was discretionary, and that it involved public policy considerations — states that "the City still has a duty to maintain the premises in a reasonably safe condition, and to protect and warn against known hazards.” This view — if correct — would render the City's immunity a nullity. What good would it do the City to have immunity if, despite its immunity, it is held to the exact same standard for liability as non-immune tortfeasors?

. Miss.Code Ann. § 11 — 46—9(l)(v) (Rev. 2002).