KITCHENS, Justice,
dissenting:
¶ 44. Once a governmental entity has become aware of a dangerous condition on its property, that entity has a duty to protect and/or warn the public of the dangerous condition. Miss.Code Ann. § 11-46 — 9(l)(v) (Rev.2002). Thus, what once was a fully discretionary governmental function — i.e., the placement and use of traffic devices — no longer is entirely discretionary when a known, dangerous condition has arisen. Because today’s decision holds that the failure to warn of a dangerous condition may be discretionary, and directs the trial court to determine this question of law, I respectfully dissent.
¶ 45. Immunity, or the lack thereof, is a question of law, not fact. City of Laurel v. Williams, 21 So.3d 1170, 1174 (Miss.2009) (citing Miss. Dep’t of Pub. Safety v. Durn, 861 So.2d 990, 994 (Miss.2003)). Thus, such issues are reviewed by this Court under a de novo standard. Id. (citing Phillips v. Miss. Dep’t of Pub. Safety, 978 So.2d 656, 660 (Miss.2008)). Despite this well-accepted standard of review, the majority remands this case for the trial court to determine whether “the duty to warn of a dangerous pothole” was a discretionary duty.[7] Maj. Op. ¶ 42. Given that the trial court is not directed to make additional findings of fact, this Court is fully capable, and duty bound, to decide this question of law. A three-member panel of this Court granted the Mississippi Transportation Commission’s petition for interlocutory appeal, indicating that appellate review would “materially advance the termination of the litigation ...[,] protect a party from substantial and irreparable injury[,] or resolve an issue of general importance in the administration of justice.” M.R.A.P. 5(a). Today’s decision accomplishes none of these purposes, because, no matter Judge Lewis’s decision on the issue, the Supreme Court does not defer to trial courts on issues of law.
¶ 46. Today’s decision marks an abrupt change in this Court’s treatment of sovereign immunity cases. Just recently, in City of Jackson v. Doe, 68 So.3d 1285 (Miss.2011), this Court determined, via interlocutory appeal, that the City’s failure to warn of an alleged dangerous condition in a public park was a discretionary duty as a matter of law. In Doe, this Court reversed the trial court’s denial of summary judgment and rendered judgment in favor of the City, not hesitating to address the legal issue, despite the trial court’s having given no reason for its ruling. Id. at 1287. While the underlying facts of that case are quite different from those in the present one, there is nothing to hinder or limit our appellate power to adjudicate the immunity question with which we are now presented.
¶ 47. The answer to the question posed by the majority is contained in Mississippi Code Section ll-46-9(l)(v), which provides that a governmental entity does not enjoy immunity for a failure to protect or warn against a known dangerous condition. While there can be no dispute that the government is immune for acts or omissions that arise out of discretionary duties under Section ll-46-9(l)(d), the presence of a known dangerous condition takes any associated governmental action/inaction outside the realm of discretion. Thus, the *802 governmental entity is required to use ordinary care in protecting or warning against a known dangerous condition. Miss.Code Ann. § 11 — 46—9(l)(v) (Rev. 2002). Any other reading of the Mississippi Tort Claims Act would be illogical.
¶ 48. As this Court explained in Jones v. Mississippi Department of Transportation, 744 So.2d 256, 264 (Miss.1999),
[T]he decision to build a road and the initial placement of traffic control devices is of the planning nature, involving public policy considerations. Bailey Drainage Dist. v. Stark, 526 So.2d 678, 681 n. 2 (Fla.1988). However, once the road is built and the responsible entity becomes aware of a dangerous condition in connection with the road, the duty becomes one of maintenance. Id.
In other words, when the governmental entity becomes aware of a dangerous condition on its property, there is no discretion with regard to its duty to warn and protect against known hazards. Accordingly, the Jones decision should not have said, in the very next sentence, that the defendants were thus “required to use due care in the exercise of their discretion.” Id. In this respect, I agree with today’s decision. Maj. Op. ¶ 29. I respectfully disagree, however, that the failure to warn or protect against a known dangerous condition may be discretionary or that this legal question should first be decided by the trial court. For these reasons, I would affirm the trial court’s denial of summary judgment.
CHANDLER AND KING, JJ., JOIN THIS OPINION.

. Curiously, the majority answers the first prong of the public function test by holding that "the placement or nonplacement of traffic-control devices to warn of dangerous conditions involves choice and judgment and is not ministerial.” Maj. Op. ¶ 33. There is no reason that we cannot decide the second prong.