KITCHENS, Justice,
dissenting:
¶ 29. I agree with Chief Justice Waller’s dissenting opinion to the extent that the alleged negligent act does not implicate sovereign immunity. The spur-of-the-moment decision by two maintenance personnel concerning the quantum and placement of anti-skid tape on a set of airstairs cannot, by any stretch of the imagination, be classified as a policy decision. Yet, the plurality finds immunity by equating the airport’s alleged negligent conduct with the governmental decision to operate an airport in the first place. Plur. Op. ¶ 10. Even the airport itself does not frame the issue so broadly.
¶ 30. Although I agree with the chief justice’s dissenting opinion that summary judgment was improper, I write separately because I do not embrace his effort to distinguish City of Jackson v. Doe, 68 So.3d 1285 (Miss.2011), and Mississippi Department of Mental Health v. Shaw, 45 So.3d 656 (Miss.2010). Waller Op. ¶25. In those cases, this Court used the same *78 flawed reasoning as today’s plurality opinion. In my view, both should be overruled. See Doe, 68 So.3d at 1289 (“The mere fact that the alleged dangerous condition was located in a public park did not render the City’s duties discretionary.”) (Kitchens, J., concurring in result only); Shaw, 45 So.3d at 661 (“[I]f the Legislature had intended to provide immunity in circumstances where a dangerous condition is caused by a government employee, then it would have done so.”) (Graves, P.J., dissenting) (citing Shelter Mut. Ins. Co. v. Dale, 914 So.2d 698 (Miss.2005)). For this reason, I do not fully join the chief justice’s dissent, but I agree that the Court of Appeals was correct to reverse the grant of summary judgment.
CHANDLER, J., JOINS THIS OPINION IN PART.