IRVING, P.J.,
for the Court:
¶ 1. On February 16, 2006, Floyd K. Little, Roger D. Pierce, and Kelly Sykes[1] filed suit in the George County Circuit Court against the Mississippi Department of Transportation (MDOT) for damages sustained as the result of a fallen tree. MDOT answered the complaint and subsequently filed a motion to dismiss for failure to state a claim, declaring immunity pursuant to the Mississippi Tort Claims Act (MTCA). The circuit court denied the motion.[2] On July 24, 2010, MDOT filed its second renewed motion to dismiss for failure to state a claim, which the circuit court granted. Feeling aggrieved, Little appeals and argues that the circuit court erred in finding that right-of-way maintenance is a discretionary function and in finding that MDOT was immune from all of Little’s claims.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On November 26, 2004, a large and leaning pine tree fell across Mississippi Highway 26 in George County, Mississippi. Little, who was traveling east on Highway 26, ran into the tree. Immediately thereafter, Pierce, who was traveling west on Highway 26, ran into the tree, which drove the tree back into Little’s vehicle, causing additional damage. Sykes, who was traveling behind Pierce on Highway 26, slid into the rear end of Pierce’s vehicle. Little, Pierce, and Sykes suffered property damage. Little and Pierce sustained severe personal injuries.[3]
¶ 4. Little’s complaint alleged that MDOT was negligent for failing to: (1) properly maintain, repair, and inspect Highway 26, (2) remove dead or dangerous trees near Highway 26, which endangered public travel, and (3) find and remove the leaning pine tree before it fell. MDOT responded that it was immune from liabili *194 ty because the duty to inspect, repair, and maintain Highway 26 and its right-of-way is discretionary.
¶5. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 6. A motion for dismissal under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure raises a question of law, which triggers a de novo review. Little v. Miss. Dep’t of Human Servs., 835 So.2d 9, 10-11 (¶ 5) (Miss.2002). “[I]n order to grant a Rule 12(b)(6) motion to dismiss, there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim.” Little, 835 So.2d at 11 (¶ 6) (citations omitted).
¶ 7. The MTCA establishes the exclusive civil remedy against governmental entities and its employees for acts or omissions that give rise to a lawsuit. Miss. Code Ann. § 11-46-7 (Rev.2002). “The [MTCA] waives the State’s common-law tort immunity, but excepts from that waiver twenty-five categories of acts for which governmental entities continue to enjoy immunity from suit.” City of Jackson v. Doe ex rel. J.J., 68 So.3d 1285, 1287 (¶ 7) (Miss.2011) (citing Miss. Dep’t of Mental Health v. Shaw, 45 So.3d 656, 658 (¶ 8) (Miss.2010)). Little contends that MDOT waived its immunity because it had notice of a dangerous condition, which it failed to remedy. In response, MDOT contends that it is immune from suit pursuant to the “discretionary function” exemption found in Mississippi Code Annotated section 11-46—9(l)(d) (Supp.2011).

1. Discretionary-Function Exemption

¶ 8. The circuit court determined that, like highway maintenance, right-of-way maintenance is a discretionary function. Little asserts that right-of-way maintenance is a ministerial function as opposed to a discretionary function. Additionally, Little argues that right-of-way maintenance is different from highway maintenance because the two have separate budgets.[4]
¶ 9. Our supreme court has stated that “[a] duty is discretionary when it is not imposed by law and depends upon the judgment or choice of the government entity or its employee.” Miss. Transp. Comm’n v. Montgomery, 80 So.3d 789, 795 (¶ 19) (Miss.2012). Conversely, “[a] duty is ministerial if it is positively imposed by law and required to be performed at a specific time and place, removing an officer’s or entity’s choice or judgment.” Id. (citing Covington Cnty. Sch. Dist. v. Magee, 29 So.3d 1, 5 (¶ 8) (Miss.2010)). Under section 11-46-9(l)(d) government entities enjoy immunity from liability for claims that are “[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty ... whether or not the discretion be abused.” Accordingly, if right-of-way maintenance is a discretionary function, MDOT is immune from liability for claims based upon its performance or its failure to perform right-of-way maintenance.
¶ 10. Mississippi Code Annotated section 65-1-65 (Rev.2005) requires MDOT to, maintain state highways.[5] Mississippi
*195 Code Annotated section 65-1-1 (Rev.2005), provides that the definition of “highway” includes rights-of-way. Thus, MDOT also is statutorily mandated to maintain the rights-of-way of the state’s highways.
¶ 11. Our supreme court has long held that road maintenance and repair are discretionary, rather than ministerial functions. See, e.g., Mohundro v. Alcorn Cnty., 675 So.2d 848, 854 (Miss.1996); Coplin v. Francis, 631 So.2d 752, 754-55 (Miss.1994); State ex rel. Brazeale v. Lewis, 498 So.2d 321, 323 (Miss.1986). However, in Montgomery, the court, with the following pronouncement, seemed to deviate from its long-standing and bright-line rule that road maintenance and repair implicate a discretionary function:
Ordinarily, where a statute mandates the government or its employees to act, all acts fulfilling that duty are considered mandated as well, and neither the government nor its employees enjoys immunity....
Section 65-1-65 imposes a statutory duty on the highway department to maintain all state highways. Were this the only statutory provision at issue, we would find that the [Mississippi Transportation] Commission is not immune for the acts carrying out that function.
Montgomery, 80 So.3d at 798 (¶ 32) (citations omitted and emphasis added). Here, unlike in Montgomery, no additional statute is involved. Nevertheless, we note that the court in Montgomery did not expressly overrule its prior decisions holding that road maintenance and repair are discretionary functions. We further note that in Mohundro, Coplin, and Lewis, there is no discussion of any statute carving out a portion of the mandated function and making it discretionary, as is the case in Montgomery.
¶ 12. In Lewis, the court held that a clearly ministerial duty may require the exercise of discretion in the discharge of the otherwise ministerial function. Lewis, 498 So.2d at 323. In such a case, the government actor would be immune from suit for injuries arising out of the exercise of his discretion in the discharge of what is otherwise a ministerial function. Therefore, we are constrained to hold that our supreme court did not intend to change existing law regarding its earlier holdings that road maintenance and repair are discretionary functions.
¶ 13. This Court has previously held that MDOT’s failure to remove trees from the highway’s right-of-way fell within the discretionary-function exemption. Farris v. Miss. Transp. Comm’n, 63 So.3d 1241, 1245 (¶ 20) (Miss.Ct.App.2011). In Farris, the plaintiff was injured when a portion of a dead pine tree fell through his windshield and penetrated his lower abdomen. Id. at 1242 (¶ 2). The plaintiff filed suit against MDOT. Id. at (¶ 3). At trial, MDOT moved for a judgment of involuntary dismissal, which the circuit court granted. Id. at (¶ 4). The circuit court determined that because road maintenance is a discretionary function, MDOT was exempt from liability on all of the plaintiffs claims. Id. at (¶ 6). The plaintiff appealed. Id.
*196 ¶ 14. On appeal, this Court began by-examining MDOT’s duty under section 65-1-65. Farris, 63 So.3d at 1243 (¶ 10). We concluded that because “[s]ection 65-1-65 does not impose any specific directives as to the time, manner, and conditions for carrying out” its duty to maintain highways, MDOT was required to “use its judgment and discretion in carrying out that duty.” Farris, 63 So.3d at 1244 (¶ 13) (quoting Lee v. Miss. Dep’t of Transp., 37 So.3d 73, 77 (¶ 9) (Miss.Ct.App.2009)) (internal quotations omitted). Additionally, even though MDOT’s Standard Operating Procedures addressed “Timber and Brush Control,” the provisions required the use of judgment and discretion regarding trees within the highways’ rights-of-way. Id. at 124445 (¶¶ 16, 18). Because there was “no statute, rule, regulation, or order” requiring MDOT to inspect every tree located in the highway’s right-of-way, MDOT’s duty to remove trees from the right-of-way was discretionary, and MDOT could not be held liable for the plaintiffs injuries. Id. at 1245 (¶¶ 19-20).
¶ 15. We see no reason to hold differently here. MDOT cannot be held liable for Little’s injuries because maintenance of the highway’s right-of-way is a discretionary function. This issue is without merit.

2. Exclusiveness of the Exemptions

¶ 16. Little argues that even if MDOT is immune under the discretionary-function exemption, it must still demonstrate that it qualifies for immunity under Mississippi Code Annotated section 1146-9(l)(v) (Supp.2011).[6] Essentially, Little urges us to overrule our supreme court’s precedent, as it has stated that “[sjection 11-46-9(l)(v) provides an independent basis for immunity, separate and apart from [sjection 11 — 46—9(l)(d).” Doe, 68 So.3d at 1289 (¶ 14). Hence, if an entity “qualifies for immunity under subsection (d), the conditions for immunity under subsection (v) are irrelevant.” Doe, 68 So.3d at 1289 (¶ 14). If the law is to be changed in this regard, it must be done by our supreme court.
¶ 17. Little also cites to Montgomery for the proposition that immunity under one exemption does not entitle MDOT to complete immunity. However, Little’s reliance on Montgomery is misplaced. In Montgomery, the plaintiff sued the Mississippi Transportation Commission (MTC) after her car hit a pothole on Interstate 55. Montgomery, 80 So.3d at 791 (¶ 2). The plaintiff argued that the MTC had waived its immunity because it failed to warn of a dangerous condition. Id. at 793 (¶ 11). In its motion for summary judgment, the MTC claimed immunity under the MTCA’s discretionary-function exemption. Id. at 794 (¶ 12).
¶ 18. Our supreme court noted that the plaintiff relied solely on section 11-4:6— 9(l)(v) to assert that the MTC was not exempt from liability. Montgomery, 80 So.3d at 797 (¶ 27). However, the court explained that it would not need to “reach [the plaintiffs] argument under [sjection ll-46-9(l)(v) if [it found] that the alleged act or omission was discretionary under [sjection ll-46-9(l)(d).” Montgomery, 80 *197 So.3d at 797 (¶ 27). The court ultimately remanded the case for a determination of whether the duty to warn motorists of potholes was discretionary. Id. at 800 (¶ 42). It did not hold, as Little contends, that a government entity must demonstrate immunity under each exemption listed in section 11-46-9.
¶ 19. Having found that MDOT is exempt from liability pursuant to section 11-46 — 9(l)(d)’s discretionary-function exemption, it is unnecessary for this Court to proceed further. This issue is without merit.
¶ 20. THE JUDGMENT OF THE GEORGE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. RUSSELL, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. For purposes of this opinion, we will refer to Little, Pierce, and Sykes collectively as “Little” unless the context requires otherwise.

. MDOT filed a renewed motion to dismiss on October 15, 2009, which the circuit court denied. After this second denial, MDOT petitioned the Mississippi Supreme Court for permission to proceed with an interlocutory appeal. On January 7, 2010, the supreme court denied the petition.

.Pierce died on April 25, 2010. On August 11, 2010, the executrix of his estate filed a motion for substitution, which the circuit court granted.

. While the record contains MDOT’s 2004 and 2005 Legislative Budget Requests, the record is devoid of any evidence to demonstrate that highway maintenance and right-of-way maintenance are separate line items in the budget.

. Section 65-1-65 states:
*195 It shall be the duty of the state highway commission to have the state highway department maintain all highways which have been or which may be hereafter taken over by the state highway department for maintenance in such a way as to afford convenient, comfortable, and economic use thereof by the public at all times. To this end[,] it shall be the duty of the director, subject to the rules, regulations!,] and orders of the commission as spread on its minutes, to organize an adequate and continuous patrol for the maintenance, repair, and inspection of all of the state-maintained state highway system, so that said highways may be kept under proper maintenance and repair at all times.

. Section 11-46-9(1 )(v) provides:
A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [ajrising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care....